UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

NATHANIEL B. WASHINGTON,

                Plaintiff,

v.

C/O PERRY, *et al.*,

                Defendants.

No. C09-5210 FDB/KLS

**REPORT AND RECOMMENDATION
NOTED FOR: August 7, 2009**

This civil rights action has been referred to the undersigned United States Magistrate Judge Karen L. Strombom pursuant to Title 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4. The Court ordered Plaintiff Nathaniel B. Washington to file an amended complaint or show cause explaining why this matter should not be dismissed for failure to state a claim 42 U.S.C. § 1983. Dkt. 5. Mr. Washington filed an Amended Complaint (Dkt. 6), but that amendment suffers from the same deficiencies as his original complaint. Dkt. 4. The undersigned concludes that further amendment would be futile and recommends that this action be dismissed without prejudice and that the dismissal count as a strike pursuant to 28 U.S.C. § 1915 (g) for failure to state a claim.

## I. BACKGROUND

On May 14, 2009, Mr. Washington was granted leave to proceed *in forma pauperis* (Dkt. 3) and the Clerk filed his Complaint. Dkt. 4. In his original complaint, Mr. Washington named

REPORT AND RECOMMENDATION - 1

Corrections Officer Perry and Superintendent Ron Van Boening. *Id*. Mr. Washington alleged that "in using his rights to exercise the First Amendment," he was subjected to discrimination and to prison conditions that violated his constitutional rights." Dkt. 1-2, p. 3. Plaintiff alleged that he was deprived of property without due process of law and equal protection of the laws. *Id*. He further alleged that on July 30, 2008, while he was searching for rubber gloves at the Day Room Counter so that he could clean his cell, Corrections Officer C. Perry stated loudly, "Get your black nappy head from back here. Yeah, I said it! Don't ever put your black nappy head back here again." *Id*. When he asked Defendant Perry for an apology, Defendant Perry refused. *Id*.

On May 14, 2009, the Court advised Mr. Washington that his pleading was deficient because (1) he failed to identify the violation of any constitutional right; (2) although he alleged he was deprived of property without due process of law, he failed to identify the property or when and who took the property from him; (3) allegations that Defendant Perry used racial slurs against him, although regrettable, do not state a cause of action under Section 1983; (4) he seeks damages for pain and suffering, but alleged no physical injury, and (5) he failed to allege any participation by Defendant Ron Van Boeing. Dkt. 5, pp. 2-4.

On June 29, 2009, Mr. Washington filed his First Amended Complaint, adding Eldon Vail, Secretary of the Department of Corrections (DOC), and adding additional allegations. Dkt. 6, p. 2. Mr. Washington now alleges as follows:

> On July 30, 2008 at approximately 6:43 p.m., I walked up to the Day Room counter in the "B" Unit at McNeil Corrections Center, peered slightly over the counter in search of some typically issued rubber gloves. The gloves are typically used for sanitation purposes in order to maintain a clean environment to my cell and reduce the level of germs that can attribute to me having declining health and poor medical conditions. In search for gloves on July 30, 2008 at approximately 6:43 p.m., I was intentionally denied the gloves and deprived of this privilege by c/o Perry's deliberate indifference of my request. Inadequate

REPORT AND RECOMMENDATION - 2

cleaning on a regular routine basis can create an environment that causes diseases, germs and other bacteria that attribute to me having poor allergenic problems. While peering over the counter in the Day Room in "B" Unit, I noticed there were none, but then out of nowhere, I heard a loud demand come from c/o Perry stating, "Get your black nappy head from back here. Yeah, I said it! Don't ever put your black nappy head back here again."

In shock and disbelief, I asked him if he was serious. He stated, "Hell yeah, I'm serious!" As constituted under the 8th Amendment, prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care and personal safety. After all that was said, I walked away and returned back to my cell after being deprived of my privilege to receive the item I requested for my sanitation need. About 5 minutes later, I approached the counter in the Day Room in "B" Unit, once again and suggested he, c/o Perry, apologize for his racial slurs and his rude behavior since the racial, derogatory insult was not warranted. It was very excessive, uncalled for and totally unprofessional in the worst. He, c/o C. Perry, replied, "Not happening!"

Dkt. 6, p. 6

## II. DISCUSSION

A complaint is frivolous when it has no arguable basis in law or fact. *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984). When a complaint is frivolous, fails to state a claim, or contains a complete defense to the action on its face, the court may dismiss an *in forma pauperis* complaint before service of process under 28 US.C. § 1915(d). *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (*citing Franklin v. Murphy*, 745 F.2d 1221, 1227 (9th Cir. 1984)). The court must construe the pleading in the light most favorable to plaintiff and resolve all doubts in plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Unless it is absolutely clear that amendment would be futile, however, a *pro se* litigant must be given the opportunity to amend his complaint to correct any deficiencies. *Noll*, 809 F.2d at 1448.

Although complaints are to be liberally construed in a plaintiff's favor, conclusory allegations of the law, unsupported conclusions, and unwarranted inferences need not be accepted as true. *Id*. While the court can liberally construe plaintiff's complaint, it cannot supply

REPORT AND RECOMMENDATION - 3

an essential fact an inmate has failed to plead. *Pena*, 976 F.2d at 471 (*quoting Ivey v. Board of Regents of Univ. of Alaska,* 673 F.2d 266, 268 (9th Cir. 1982)).

To state a claim under 42 U.S.C. § 1983, a complaint must allege that (1) the conduct complained of was committed by a person acting under color of state law and that (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds*, *Daniels v. Williams*, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985), *cert. denied*, 478 U.S. 1020 (1986).

A plaintiff must also allege facts showing how each individually named defendant caused or personally participated in causing the harm alleged in the complaint. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). A defendant cannot be held liable under 42 U.S.C. § 1983 solely on the basis of supervisory responsibility or position. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 694 n. 58 (1978). A theory of *respondeat superior* is not sufficient to state a § 1983 claim. *Padway v. Palches*, 665 F.2d 965 (9th Cir. 1982).

On the basis of these standards, the undersigned concludes that Mr. Washington's allegations fail to state a claim upon which relief can be granted. Each of Mr. Washington's claims are addressed below.

### 1. Conditions of Confinement/ Sanitation and Medical Needs

Mr. Washington's First Amended Complaint alleges that the denial of the rubber gloves he sought in order to clean his cell constitutes a violation of the Eighth Amendment. He alleges that "[i]nadequate cleaning on a regular routine basis can create an environment that causes diseases, germs and other bacteria that attribute to [his] having poor allergenic problems." Dkt.

REPORT AND RECOMMENDATION - 4

6, p. 6. Plaintiff alleges that he was denied the gloves on one occasion, on July 30, 2008. *Id*. He does not allege any injury or medical condition resulting from Defendant Perry's denial of the use of the gloves.

"[S]ubjection of a prisoner to lack of sanitation that is severe or prolonged can constitute an infliction of pain within the meaning of the Eighth Amendment." *Anderson v. County of Kern*, 45 F.3d 1310, 1314 (9th Cir.1995). The Eighth Amendment also requires prisons to provide adequate sanitation. See *Hoptowit v. Ray*, 682 F.2d 1237, 1246 (9th Cir.1982) (" '(A)n institution's obligation under the Eighth Amendment is at an end if it furnishes sentenced prisoners with adequate food, clothing, shelter, sanitation, medical care, and personal safety.'" (quoting *Wright v. Rushen*, 642 F.2d 1129, 1132-33 (9th Cir.1981)).

"[D]eliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983." *Estelle v. Gamble*, 429 U.S. 97, 105, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). "Denial of medical attention to prisoners constitutes an [E]ighth [A]mendment violation if the denial amounts to deliberate indifference to serious medical needs of the prisoners." *Toussaint v. McCarthy*, 801 F.2d 1080, 1111 (9th Cir.1986) (citing *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)). "A 'serious' medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.' " *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir.1992) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)), overruled on other grounds, *WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir.1997).

Under these standards, Plaintiff has failed to state a cognizable claim for an Eighth Amendment violation. Being deprived the use of rubber gloves to clean his room on one occasion does not give rise to a claim of lack of sanitation as Plaintiff has not alleged a severe or

REPORT AND RECOMMENDATION - 5

prolonged lack of sanitation constituting an infliction of pain within the meaning of the Eighth Amendment. Nor does Mr. Washington's First Amended Complaint state a cognizable claim for the denial of medical treatment. Plaintiff has not alleged that he has any 'serious' medical need that could have resulted in significant injury or the "unnecessary and wanton infliction of pain", or that the defendants were aware of Plaintiff's 'serious' medical need as required to show that defendants acted with the requisite "deliberate indifference".

### 2. Racial Slurs

As Plaintiff was previously advised, his allegations that Defendant Perry used racial slurs against him, although regrettable, do not state a cause of action under Section 1983. Allegations of verbal harassment and abuse fail to state a claim cognizable under 42 U.S.C. § 1983. *See Freeman v. Arpaio*, 125 F.3d 732, 738 (9th Cir. 1997); *Rutledge v. Arizona Bd. Of Regents*, 660 F.2d 1345, 1353 (9th Cir. 1981), *aff'd sub nom. Kush v. Rutledge*, 460 U.S. 719 (1983); *see, e.g., Keenan v. Hall*, 83 F.3d 1083, 1092 (9th Cir. 1996), *amended* 135 F.3d 1318 (9th Cir. 1998) (disrespectful and assaultive comments by prison guard not enough to implicate 8th Amendment); *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987) (directing vulgar language at prisoner does not state constitutional claim); *Burton v. Livingston*, 791 F.2d 87, 99 (8th Cir. 1986) ("mere words, without more, do not invade a federally protected right"); *Ellingburg v. Lucas*, 518 F.2d 1196, 1197 (8th Cir. 1975) (prisoner does not have cause of action under § 1983 for being called obscene name by prison employee); *Batton v. North Carolina*, 501 F.Supp. 1173, 1180 (E.D.N.C. 1980) (mere verbal abuse by prison officials does not state claim under § 1983). This is so even if the verbal harassment is racially motivated. See *Hoptowit v. Ray*, 682 F.2d 1237, 1252 (9th Cir. 1982) (federal court cannot order guards to refrain from using

REPORT AND RECOMMENDATION - 6

racial slurs to harass prisoners); *Burton*, 791 F.2d at 101 n.1 (use of racial slurs in prison does not offend Constitution).

### 3. Supervisory Defendants

In addition to naming Superintendent Ron Van Boening, Plaintiff now seeks to add Eldon Vail, the Secretary of the DOC in his First Amended Complaint. Dkt. 6, p. 5. His allegations against these defendants, however, are based entirely on their supervisory positions.

Plaintiff alleges that Defendant Vail is "legally responsible for the overall operation of the Department and each institution under its jurisdiction, including [MICC]," and that Defendant Van Boening is "legally responsible for the operation of [MICC] and for the welfare of all the inmates of that prison." Dkt. 6, p. 5. He further alleges that "upon information and belief" these defendants were grossly negligent on July 30, 2008 because they failed to provide oversight and prison environment to insure staff provided items to meet his physical and sanitation needs in violation of the Eighth Amendment. Id., p. 6.

These allegations are insufficient as a matter of law to state a claim under 42 U.S.C. § 1983 against Defendants Vail and Van Boening. Supervisory personnel are generally not liable under section 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See *Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir.1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir.1978), cert. denied, 442 U.S. 941 (1979). To state a claim for relief under section 1983 based on a theory of supervisory liability, plaintiff must allege some facts that would support a claim that supervisory defendants either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so

REPORT AND RECOMMENDATION - 7

deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.' " *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir.1989) (internal citations omitted); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir.1989).

Although federal pleading standards are broad, some facts must be alleged to support claims under section 1983. See *Leatherman v. Tarrant County Narcotics Unit*, 507 U.S. 163 (1993). Plaintiff has not alleged any facts indicating that Defendants Vail or Van Boening personally participated in any alleged deprivation of constitutional rights; knew of violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" *Hansen v. Black* at 646. Mr. Washington has not alleged any facts that support his contention that Defendants Vail or Van Boening participated in the violations, knew of the violations and failed to prevent them, or implemented a deficient policy. Therefore, Plaintiff has failed to state any valid claims against Defendants Vail or Van Boening.

### 4. Failure to Plead Injury

In his original complaint, Plaintiff sought one million dollars for his "embarrassment, suffering, pain and retaliatory treatment," but alleged no physical injury. Dkt. 4, p. 4. The Court advised him that pursuant to 42 U.S.C. § 1997e(e), "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e); *see also* 28 U.S.C. § 1346(b)(2) (similar provision added to the Federal Tort Claims Act). This provision "requires a showing of physical injury that need not be significant but must be more than *de minimus*." *Oliver v. Keller*, 289 F.3d 623, 627 (9th Cir. 2002).

In his First Amended Complaint, Plaintiff deleted the language "embarrassment,

REPORT AND RECOMMENDATION - 8

suffering, pain and retaliatory treatment," but fails to allege any physical injury. He also fails to allege any constitutional violation not premised on mental or emotional injury.

## III.  CONCLUSION

Mr. Washington was carefully instructed as to the elements of a Section 1983 action and was given ample opportunity to amended his complaint to correct its deficiencies. Construing his amended pleading in the light most favorable to him and resolving all doubts in his favor, it is clear that has failed to state a claim upon which relief can be granted and that further amendment would be futile.

Plaintiff has failed to state a claim as a matter of law under 42 U.S.C. § 1983. The action should be **dismissed without prejudice, and the dismissal counted as a strike pursuant to 28 U.S.C. 1915 (g).** Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report and Recommendation to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **August 7, 2009,** as noted in the caption.

DATED at Tacoma, Washington this 15th day of July, 2009.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 9